UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TODD HOULE,

    Plaintiff,

vs.

CASE NO.:

HOWLEY LANDSCAPING, INC., A GEORGIA CORPORATION, AND DAVID HOWLEY, INDIVIDUALLY,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TODD HOULE, by and through the undersigned attorney, sues the Defendants, HOWLEY LANDSCAPING, INC., a Georgia Corporation, and DAVID HOWLEY, Individually, and alleges:

1. Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, unpaid minimum wages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. Plaintiff worked for Defendants as an hourly paid park manager from approximately June 2010 to March 2013.

1

3. Plaintiff earned approximately $18.00 per hour for his work performed for Defendants.

4. Plaintiff worked for Defendants in Atlanta, Georgia.

5. Defendant, HOWLEY LANDSCAPING, INC., is a Georgia Corporation that operates and conducts business in Atlanta, Georgia and is therefore within the jurisdiction of this Court.

6. At all times relevant to this action, DAVID HOWLEY was an individual resident of the State of Georgia, who owned and operated HOWLEY LANDSCAPING, INC., and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for employees; and (c) control the finances and operations of HOWLEY LANDSCAPING, INC. By virtue of having regularly exercised that authority on behalf of HOWLEY LANDSCAPING, INC., DAVID HOWLEY is an employer as defined by 29 U.S.C. § 201, et seq.

7. This action is brought under the FLSA to recover from Defendants overtime compensation, minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

8. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

9. During Plaintiff's employment with Defendants, Defendant, HOWLEY LANDSCAPING, INC., earned more than $500,000.00 per year in gross sales.

10. During Plaintiff's employment with Defendants, Defendant, HOWLEY LANDSCAPING, INC., employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

11. Included in such goods, materials and supplies were landscaping equipment and supplies, vehicles, gasoline, and other items which originated from outside the state of Georgia.

12. Therefore, Defendant, HOWLEY LANDSCAPING, INC., is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

13. At all times relevant to this action, Defendants failed to comply with the FLSA by failing to pay Plaintiff complete and full overtime compensation for all overtime hours worked.

14. During his employment with Defendants, Plaintiff would work overtime hours.

15. Plaintiff was a non-exempt employee who should have been paid time and one-half his hourly rate for all overtime hours worked.

16. Instead of paying Plaintiff complete overtime compensation for

overtime hours worked, Defendants would "bank" Plaintiff's overtime hours and only pay him his regular hourly rate for such overtime hours at a later date.

17. Such a practice results in Plaintiff not being paid time and one-half his hourly rate for all overtime hours worked.

18. Additionally, during his last week of employment, Plaintiff worked approximately 40 hours of time, but was only paid a total of 12 hour by Defendants.

19. As a result, during that week Plaintiff was not even paid the applicable minimum wage for each and every hour worked.

20. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

21. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-20 above.

22. Plaintiff was entitled to be paid complete overtime compensation for all overtime hours worked.

23. However, during his employment, Defendants would "bank" Plaintiff's overtime hours worked and pay Plaintiff at his regular hourly rate (instead of at time and one-half his hourly rate) at a later date. *See* ¶¶ 14-17.

24.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff complete overtime compensation; Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

25.     As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

26.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, TODD HOULE, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGES

27.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-20 above.

28.     Plaintiff was entitled to be paid the minimum wage for each hour worked during his employment with Defendants.

29.     During his last week of work, Plaintiff worked 40 hours but was only paid for 12 hours by Defendants.

30.     Thus, during this last week of work, Plaintiff was not even paid the applicable minimum wage for each hour worked.

31.     Defendants willfully failed to pay Plaintiff the minimum wage for

this week contrary to 29 U.S.C. § 206.

32. As a direct and proximate result of Defendants' willful underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for his last week of work with Defendants.

33. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, TODD HOULE, demands judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this _____ day of October, 2014.

/s/ **C.RYAN MORGAN**
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:  (407) 420-1414
Facsimile:  (407) 245-3401
Email:   RMorgan@forthepeople.com
*Attorneys for Plaintiff*

6