EXHIBIT "A"

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter referred to as "Agreement"), is entered into by and between Todd Houle, on behalf of himself, his heirs, executors, administrators, legal representatives and assigns   (hereinafter referred to collectively as "Houle") and Howley Landscaping, Inc., and David Howley, and their respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of their respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys (hereinafter referred to collectively as "The Released Parties").   Throughout this Agreement, Houle and The Released Parties shall collectively be referred to as the "Parties."   This Agreement shall not in any way be construed as an admission by The Released Parties of any violation of any law or any other liability including common law liability to Houle.

WHEREAS, Houle was employed by The Released Parties; and

WHEREAS, Houle has alleged unlawful employment practices in violation of Federal law against The Released Parties, allegations which the Released Parties vehemently deny;

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1.      The Released Parties agree to pay the total amount of **FOUR THOUSAND SEVEN HUNDRED FIFTY DOLLARS ($4,750.00)**, inclusive of attorneys' fees and costs, allocated as follows:

A.      A payroll check in the amount of $1,000.00 made payable to TODD HOULE for the purpose of settling and compromising Houle's claim for unpaid overtime

wages. This amount shall be treated as wages with the applicable taxes and legal deductions made;

B.     A check in the amount of $1,000.00 made payable to TODD HOULE for the purpose of settling and compromising Houle's claim for FLSA liquidated damages and all other damages claimed by him;. No deductions shall be made from this check and a Form 1099 shall be issued; and

C.     A check in the amount of $2,750.00, made payable to his attorneys, Morgan & Morgan, P.A. for the purpose of settling and compromising Houle's claim for attorney's fees and costs.

The settlement payments described above will be due in Plaintiff's counsel's office (c/o Ryan Morgan, Esq., 20 N. Orange Avenue, Suite 1400, Orlando, FL 32801) within ten (10) days from the Order approving the settlement.

2.     Houle agrees that this is a disputed claim and represents that upon receipt of the above mentioned funds, he will have released all claims under the Fair Labor Standards Act, 29 U.S.C. § 201, et al., for any and all work performed for or on behalf of the Released Parties.

3.     By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

4.     Houle agrees not to apply for, solicit, seek or otherwise attempt to obtain or accept employment with, or to provide services in any manner to, the Released Parties. Houle further agrees that the Released Parties shall not be under any obligation to employ or contract with him and that, should any application be made by him, the Released Parties shall not have any obligation to process that application or to hire him and that the failure to process the application or to hire him shall not constitute a violation of any local, state or federal law. If any

2

prospective employer contacts The Released Parties regarding Houle, The Released Parties will give a neutral reference indicating only Houle dates of employment, pay rate and position.

5.      Each party shall be responsible for payment of their own attorneys' fees and costs, except as provided in Paragraph 1.

6.      Houle represents and warrants that he is authorized to enter into and that he has the authority to perform the terms of this Agreement.  Houle represents and warrants that he has not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of his claims brought in this action.

7.      If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

8.      This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.  Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

9.      This Agreement is binding on each of the parties and their respective heirs, successors and assigns.

10.      In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity.  The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

3

11.     This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, without regard to its choice of laws or conflict of laws principles.

12.     Except as expressly provided herein, the parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

13.     The parties acknowledge that each party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement.  No ambiguity shall be construed against any party based upon a claim that the party drafted the ambiguous language.

14.     The parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into.  The parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

15.     Houle acknowledges that he has been advised to consult an attorney prior to signing this agreement.  Houle understands that whether or not he consults with an attorney is his decision.  In this respect, Houle has consulted with and been advised by C. Ryan Morgan, Esquire in this matter and is satisfied that Mr. Morgan has provided him excellent legal advice and has explained to him all of his options in connection with this Agreement.

16.     This Agreement, consisting of five (5) pages, is freely and voluntarily entered into by the parties. The parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement.    This

4

Agreement may be executed in counter-parts and electronic and facsimile copies shall be treated as originals.

Date: 2-16-2015

TODD HOULE

HOWLEY LANDSCAPING, INC.

Date:_____

Sign:_____

Print Name:_____
Howley Landscaping, Inc.

Date:_____

DAVID HOWLEY

5

Agreement may be executed in counter-parts and electronic and facsimile copies shall be treated as originals.

Date:_____          _____
                                      **TODD HOULE**


                                      **HOWLEY LANDSCAPING, INC.**
Date:___2 / 13 / 2015_____           _____
                                      **Sign:**
                                      _____
                                      **Print Name:**
                                      **Howley Landscaping, Inc.**

Date:___2 / 13 / 2015_____           _____
                                      **DAVID HOWLEY**

5